UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

WANDA PRINCE,

   Plaintiff,

     v.

BEVERLY PURDUE

and

TIMOTHY GEITHNER,

   Defendants.

Civil Action No. 10-240 (CKK)

MEMORANDUM OPINION
(February 24, 2010)

Plaintiff Wanda Prince, proceeding *pro se*, filed the above-captioned action on February 16, 2010. The exact nature of Plaintiff's complaint is difficult to discern. Indeed, the complaint itself is composed almost entirely of various incoherent requests for relief made without reference to any underlying factual allegations identifying alleged wrongdoing by Defendants or to any legal authority supporting an award of the requested relief. Construing the *pro se* complaint liberally, it appears that Plaintiff makes the following six requests for relief:

First, she requests that "we[1] excavate the pyramid in Virginia to find out the truth . . . [about] our status speaking for Africans of African ancestry." Compl. at 3.[2] Plaintiff appears to identify the "pyramid" referred to in this request as the "George Washington Mosaic [*sic*] Temple" in Virginia, the excavation of which Plaintiff asserts will "tell what our forefathers knew." *Id.*

---

    [1] While Plaintiff consistently uses the term "we" throughout her complaint, this reference appears to be to a "universal we," as she is the only plaintiff in this action.

    [2] All citations to the complaint are to the relevant page numbers of the document, as it appears on the public docket.

Plaintiff provides no further explanation of this request. *See id.*

Second, Plaintiff states, without any explication, that she "need[s] to understand where the additional legislation for the law of the Internal Revenue Service is." *Id.*

Third, she "request[s] that six men be terminated from their guardian positions because they have no virtue." *Id.* Plaintiff does not identify these six men by name nor indicate in what "guardian positions" they are employed. *See id.* As for the actions that allegedly underlie her claim that these unnamed individuals "have no virtue," Plaintiff asserts only that these individuals "closed our business because we had not done our taxes but we were not given a chance for due process and we did not owe any taxes." *Id.* at 3-4. She does not provide any facts further elucidating this conclusory allegation — *i.e.,* the complaint is silent as to the identify or location of the business at issue; whether she was an owner or operator of that business; when the business was allegedly closed; what entity was responsible for allegedly closing the business; etc. *See id.*

Fourth, Plaintiff makes a series of requests "under the Public Information Act" related to the State of North Carolina. Specifically, she asks that: (a) the Court order a "full investigation of Medicaid service and billing be conducted in the State of North Carolina;" and (b) she be provided "the constituent minutes that the senate is required to maintain," as well as "a copy of all cash disbursement made by the government of former President Bush [*sic*] stimulus packet and . . . by President Obama's stimulus packet, [and] [i]f a company has received a check, [] a copy of their account receivable and accounts payable with a detail plan, how they are going to pay back the money." *Id.* at 4. Plaintiff does not identify any legal basis for these requests.[3]

---

[3] To the extent these allegations may be read as requesting certain information under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 522, the Court notes that Plaintiff has not alleged that she made any prior requests under that Act that would form the basis for a viable

<u>Fifth</u>, Plaintiff "request[s] that North Carolina be given some stimulus funds too," which she asserts will be "use[d] . . strictly for youth services." *Id.*

<u>Sixth</u> and finally, Plaintiff "request[s] [*sic*] to know how many people in this Republic have filed and are waiting for a determination" from the Social Security Administration. *Id.* at 5.

As indicated above, Plaintiff's complaint consists solely of conclusory allegations made without reference to any underlying factual allegations identifying alleged wrongdoing by Defendants or to any legal authority supporting an award of the various requested relief. Indeed, except for Plaintiff's claim that six unnamed individuals "closed our business because we had not done our taxes but we were not given a chance for due process and we did not owe any taxes," *id.* at 3-4, Plaintiff's complaint is devoid of any allegations of wrongdoing by anyone; notably, even as to this claim, Plaintiff does not specify whether and how the Defendants were involved or had responsibility for this action; what relationship she herself allegedly has with the business at issue; etc. Rather, it is apparent that Plaintiff's complaint contains only six unrelated requests for relief that do not support a viable claim for legal action.

It is well settled in this Circuit that a court may dismiss a complaint *sua sponte* pursuant to Federal Rule of Civil Procedure 12(b)(6), prior to service and without providing the plaintiff with notice or an opportunity to respond, where it is "patently obvious" that the plaintiff cannot prevail on the facts alleged in the complaint. *Baker v. Director, U.S. Parole Comm'n*, 916 F.2d 725, 726-27 (D.C. Cir. 1990) ("Because it is patently obvious that Baker could not have prevailed on the facts alleged in his complaint, we find that *sua sponte* dismissal was appropriate."); *see also Davis v. District of Columbia*, 158 F.3d 1342, 1349 (D.C. Cir. 1998) ("Under our cases, where a

---

FOIA claim.

trial court has dismissed a claim *sua sponte* under Rule 12(b)(6) without affording plaintiff an opportunity to replead, a remand is appropriate unless "'the claimant cannot possibly win relief.'") (quoting *Baker*, 916 F.2d at 726); *Zernik v. U.S. Dep't o f Justice*, 630 F. Supp. 2d 24, 25 (dismissing complaint *sua sponte* for failure to state a claim); *Perry v. Discover Bank*, 514 F. Supp. 2d 94, 95 (D.D.C. 2007) (dismissing *pro se* complaint *sua sponte* where the complaint made clear that plaintiff had failed to provide "any factual or legal basis for alleged wrongdoing by defendants"). That is plainly the case here. Plaintiff's complaint provides no factual or legal basis for her various requests for relief and fails to specify any alleged wrongdoing by defendants that would support a viable claim for relief. Plaintiff's complaint will therefore be DISMISSED without prejudice. An appropriate Order accompanies this Memorandum Opinion.

Date:   February 24, 2010

                                          /s/
                                    **COLLEEN KOLLAR-KOTELLY**
                                    United States District Judge